Robert L. Hyde (SBN: 227183)
Joshua B. Swigart (SBN: 225557)
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Douglas J. Campion, Esq. (SBN: 75381)
**Law Offices Of Douglas J. Campion**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 299-2091
Facsimile: (619) 858-0034

Attorneys for Plaintiffs
Kevin Lemieux and Erik Knutson

FILED
07 AUG -9 PM 3:01
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: ⟨illegible⟩      DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LEMIEUX AND ERIK KNUTSON, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>PLAINTIFFS,<br><br>V.<br><br>BLOCKBUSTER, INC.,<br><br>DEFENDANT. | CASE NO.: 07 CV 1582  JAH (AJB)<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>[JURY TRIAL DEMANDED] |

### INTRODUCTION

1. Kevin Lemieux and Erik Knutson (hereinafter "Plaintiffs") bring this action for damages, and any other available legal or equitable remedies, resulting from the illegal actions of Blockbuster, Inc. (hereinafter "Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiffs on their

cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), and thereby invading their privacy.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seek $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiffs allege a national class, which will result in at least one class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because the events giving rise to Plaintiffs' causes of action against Defendant occurred within the State of California and the County of San Diego.

## PARTIES

4. Plaintiffs are, and at all times mentioned herein were, individuals, citizens of the State of California, and residents of the County of San Diego.

5. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, an Oklahoma corporation whose primary corporate address and headquarters are in Dallas, Texas, and that Defendant does business in the County of San Diego.

## FACTUAL ALLEGATIONS

6. At all times relevant, Plaintiffs were individuals residing within the State of California. Plaintiffs are, and at all times mentioned herein were, "persons" as defined by 47 U.S.C. § 153(10).

7. Defendant is, and at all times mentioned herein was, an Oklahoma corporation and "person" as defined by 47 U.S.C. § 153(10).

8. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendant conducted business in the State of California and in the County of San Diego.

9. Plaintiffs are informed and believe, and thereon allege, that on multiple occasions over numerous days, all within the fours years prior to the date this Complaint was filed, Defendants contacted Plaintiffs on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

10. Plaintiffs are informed and believe, and thereon allege, that during these calls Defendants used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

11. Plaintiffs are informed and believe, and thereon allege, that the telephone numbers Defendant called were assigned to a cellular telephone service pursuant to 47 U.S.C. § 227 (b)(1).

12. Plaintiffs are informed and believe, and thereon allege, that these calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

13. Plaintiffs are informed and believe, and thereon allege, that Plaintiffs did not provide express consent to receive calls on their cellular telephones, pursuant to 47 U.S.C. § 227 (b)(1)(A).

14. These telephone calls by Defendant were in violation of 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

15. Plaintiffs bring this action on behalf of themselves and all others similarly situated ("The Class").

16. The representative Plaintiffs represent, and are members of, The Class consisting of:

  a. All persons within the United States who received any telephone call from Defendant to said person's cellular telephone through the use of any automatic telephone dialing system or an artificial or prerecorded voice, within the four years prior to the filing of this Complaint.

17. Defendant and their employees and agents are excluded from The Class. Plaintiffs do not know the number of members in The Class, but believes The Class Members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

18. Plaintiffs and members of The Class were harmed by the acts of Defendants in at least the following ways:

  a. Defendant illegally contacted Plaintiffs and class members via their cellular telephones. Plaintiffs and The Class were damaged thereby.

19. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand The Class's definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

20. The joinder of The Class members is impractical and the disposition of their claims in The Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records.

21. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to The Class predominate over questions which may affect individual class members, including the following:

//

    a. Whether, within the four years prior to the filing of this Complaint, Defendant made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

    b. Whether Plaintiffs and The Class were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendants should be enjoined from engaging in such conduct in the future.

22. As persons that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their express prior consent, Plaintiffs are asserting claims that are typical of The Class. Plaintiffs will fairly and adequately represent and protect the interests of The Class in that they have no interests antagonistic to any member of The Class.

23. Plaintiffs and the members of The Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, The Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and the Defendant will likely continue such illegal conduct. Because of the size of the individual class member's claims, few, if any, class members could afford to seek legal redress for the wrongs complained of herein.

24. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

25. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of class members in

1 | individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

26. Defendant has acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## First Cause Of Action
## Negligent Violations Of The Telephone Consumer Protection Act
## 47 U.S.C. § 227 *Et Seq*
## By Plaintiffs against Defendant

27. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiffs and The Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. Plaintiffs and the class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

//
//
//
//
//

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT (TCPA)
## 47 U.S.C. § 227 *ET SEQ*
## BY PLAINTIFFS AGAINST DEFENDANT

31. Plaintiffs incorporate by reference paragraphs 1 through 26, inclusive, of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

33. As a result of Defendants knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and each of The Class Members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

34. Plaintiffs and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF
## THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class Member treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

### TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: August 3, 2007　　　**Hyde & Swigart**

By: _____
Joshua B. Swigart, Esq.

Dated: August 3, 2007　　　**Law Offices Of Douglas J. Campion**

By: _____
Douglas J. Campion, Esq.
Attorneys for Plaintiffs.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**
Kevin Lemieux and Erik Knutson, on behalf of themselves and all others similarly situated

**DEFENDANTS**
Blockbuster, Inc.

FILED
'07 AUG -9 PM 3:00
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** San Diego   DEPUTY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
John B. Swigart
411 Camino Del Rio South, Suite 301
Sa Diego, CA 92108
619.233.7770

**ATTORNEYS (IF KNOWN)**
Unknown

'07 CV 1582   JAH (AJB)

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**
Telephone Consumer Protection Act, 47 U.S.C. §227 et seq.

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (13958) | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☑ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☑ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☑ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23    **DEMAND $** 75000    Check YES only if demanded in complaint.
**JURY DEMAND:** ☑ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**   JUDGE   Docket Number

**DATE** 6/8/07    **SIGNATURE OF ATTORNEY OF RECORD**

#/141329 #350. — 8/9/07

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

ORIGINAL

```
        UNITED STATES
        DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 141329      - SR
      * * C O P Y * *
        August 09, 2007
           16:12:21

         Civ Fil Non-Pris
    USAO #.: 07CV1582 CIV. FIL.
    Judge..: JOHN A HOUSTON
    Amount.:              $350.00 CK
    Check#.: BC#2050



      Total->   $350.00



    FROM: LEMIEUX ET AL V. BLOCKBUSTER
          CIVIL FILING
```